**Charles T. DAVIS, Petitioner— Appellant,**

v.

**D.L. RUNNELS, Warden; Attorney General of the State of California; Melinda Bolls, Lt., Respondents—Appellees.**

No. 05–15268.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2006.*

Filed July 26, 2006.

Ann C. McClintock, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Robert C. Cross, Mary J. Graves, Office of the California Attorney General Department of Justice, Sacramento, CA, for Respondents–Appellees.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

California inmate Charles T. Davis appeals the district court's dismissal of his 28

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

U.S.C. § 2254 habeas petition challenging the loss of good time credits. The sanction was imposed after prison officials determined that Davis filed a false complaint against a correctional officer. Davis contends the charges against him were retaliatory and thus the district court erred by limiting its review to whether "some evidence" supported the prison's decision. We reject that contention and we affirm.

## DISCUSSION

In *Superintendent v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), the Supreme Court explained that revocation of good time credits is not comparable to a criminal conviction and therefore requires only a "modicum of evidence" to support the prison's decision. Thus, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Id.* at 455, 105 S.Ct. 2768.

We conclude this "some evidence" standard applies even though Davis alleges the charges against him were retaliatory. This is not a case like *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir.2003) (holding standard does not apply to claims of retaliatory accusations), or *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir.1997) (same). Both *Bruce* and *Hines* were civil rights cases where the inmates sought monetary damages in contrast to challenging the validity of a disciplinary hearing or the loss of good time credits. In fact, we made clear in *Hines* that challenges to the findings of a disciplinary board are reviewed under the "some evidence" standard. *Hines*, 108 F.3d at 269–70.

Davis's habeas petition was properly construed by the district court to be an attack on the validity of the disciplinary proceedings. Davis was not deprived of due process during the disciplinary process. *See Wolff v. McDonnell*, 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that inmate is entitled to advance written notice of disciplinary charges, an opportunity to present a defense, and an explanation for the decision). Once these due process requirements are met, a reviewing court's obligation is to determine if "some evidence" supports the decision. *Hill*, 472 U.S. at 455, 105 S.Ct. 2768. Thus, the district court applied the correct standard and, we conclude, properly determined that the documents submitted to the prison hearings officer contained "some evidence" to support the decision.

**AFFIRMED.**